UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE SIMMONS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:15-CV-340-CEJ |
| | ) |
| SKECHERS USA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motions to stay and to sever the claims of several plaintiffs, and plaintiffs' motion to remand this action to the Missouri state court from which it was removed. The issues are fully briefed.

**I. Background**

Plaintiffs initiated this action in a Missouri state court to recover damages for injuries they allegedly sustained as a result of their use of the defendants' Skechers Shape-ups® shoes. In the complaint, the plaintiffs assert state law-based strict liability claims of product defect and inadequate warning, breach of warranty, negligence, negligent misrepresentation, fraud, unjust enrichment, and unfair and deceptive trade practices.

The defendants removed the action to this Court, invoking jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a). Defendants Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II are incorporated in Delaware and have their principal places of business in California. Defendants state in their notice of removal that "Skechers Fitness Group" is a division of Skechers U.S.A., Inc. II and is not a separate legal entity. Of the sixty-five plaintiffs, two are citizens of

California and the rest are citizens of states other than California and Delaware. Although complete diversity does not appear on the face of the complaint, defendants argue that for jurisdictional purposes, the Court should consider only the properly-joined claims of the Missouri plaintiffs. Defendants maintain that the claims of the remaining plaintiffs should not be considered because neither they nor their claims have any connection to Missouri and, therefore, they cannot establish personal jurisdiction over the defendants in Missouri. Alternatively, defendants assert that the non-Missouri plaintiffs were either fraudulently joined or fraudulently misjoined. Plaintiffs counter that joinder is proper and move to remand.

## II. Motion to Stay

Defendants move to stay proceedings until the Judicial Panel on Multidistrict Litigation rules on their motion to transfer this case to the MDL proceeding, *In re Skechers Toning Shoe Products Liab. Litig.*, MDL No. 2308. However, "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Spears v. Fresenius Med. Care N. Am., Inc.*, 4:13-CV-855-CEJ, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (citations omitted). "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction." *Id.* Waiting for a decision by the Panel before ruling on the motion to remand "would not promote the efficient administration of justice." *Id.* Accordingly, defendants' motion to stay will be denied.

## III. Motion to Remand

"A defendant may remove a state law claim to federal court only if the action

2

originally could have been filed there." *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) [hereinafter *Prempro*] (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). There is no dispute that the amount in controversy requirement for diversity jurisdiction is met in this case. The dispute here centers on which plaintiffs should be considered for purposes of assessing diversity of citizenship.

### A. *Permissive Joinder*

Defendants assert that joinder of the sixty-five plaintiffs' claims is improper because plaintiffs' injuries occurred in different states and under unique factual circumstances. Fed. R. Civ. P. 20(a)(1) "allows multiple plaintiffs to join in a single action if (i) they assert claims 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action.'" *Prempro*,

3

591 F.3d at 622 (quoting Fed. R. Civ. P. 20(a)(1)). Missouri's permissive joinder rule is substantively identical. Mo. Sup. Ct. R. 52.05(a); *see State ex rel. Allen v. Barker*, 581 S.W.2d 818, 826 (Mo. 1979) (en banc). Consequently, under both the rules applicable when the complaint was filed in state court and the rules applicable in federal district court today the same test applies to determine if joinder is permitted. Defendants concede, moreover, that the second prong of the test is satisfied because plaintiffs' complaint raises common questions of law or fact regarding, *inter alia*, the design, manufacture, and marketing of Shape-ups®. Thus, the Court need only answer whether plaintiffs' claims arise from the same transaction or occurrence, or series thereof.

"In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'" *Prempro*, 591 F.3d at 622. "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Accordingly, Rule 20(a) "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding," without requiring "[a]bsolute identity of all events." *Prempro*, 591 F.3d at 622.

Plaintiffs' claims meet Rule 20(a)'s standard. Because plaintiffs' allegations relate to defendants' design, manufacture, and marketing of Shape-ups®—occurrences common to all plaintiffs—the Court concludes that their claims arise out of the same transaction or occurrence or series thereof. That remains true even if plaintiffs were injured in different states and their injuries range in severity and type, as their claims are all reasonably related. Thus, joinder of all sixty-five

4

plaintiffs' claims is proper under Rule 20(a).

### B. *Fraudulent Joinder*

Defendants next contend that the non-Missouri plaintiffs are fraudulently joined, such that their citizenship should not be considered for purposes of determining whether diversity exists. "Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." *Id.* at 620 (citing 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3723 (4th ed. 2009)). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* To prove fraudulent joinder, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Systs. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). "[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." *Id.* Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (quoting *Filla*, 336 F.3d at 811).

Here, defendants are not asking the Court to evaluate the non-Missouri plaintiffs' claims to determine whether they are viable under substantive state law. Rather, defendants are challenging the propriety of joining the non-Missouri plaintiffs' claims into a single action by asserting a procedural challenge to personal jurisdiction. Yet, defendants cite no case that holds that the theory of fraudulent joinder—an inquiry into substantive viability of claims—countenances a procedural

5

challenge to a court's personal jurisdiction over a defendant. This Court rejects such a contorted theory of fraudulent joinder. Consequently, because defendants' only argument that the non-Missouri plaintiffs were fraudulently joined is a procedural challenge to personal jurisdiction rather than a substantive challenge to the viability of the claims, the Court concludes that the non-Missouri plaintiffs were not fraudulently joined in this action.

### C. *Fraudulent Misjoinder*

According to defendants, the non-Missouri plaintiffs were also fraudulently misjoined with the Missouri plaintiffs. The Eighth Circuit has not yet determined whether removal based on diversity of citizenship can be thwarted where there is fraudulent misjoinder. In *Prempro*, the court discussed the doctrine of fraudulent misjoinder:

> A more recent, somewhat different, and novel exception to the complete diversity rule is the fraudulent misjoinder doctrine which one appellate court and several district courts have adopted. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction.

*Prempro*, 591 F.3d at 620 (footnotes and citations omitted).

In *Prempro*, the plaintiffs filed three lawsuits in which they asserted state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. The cases were removed to the federal district court based on the defendants' assertion of diversity jurisdiction. The defendants maintained that the plaintiffs' claims were fraudulently misjoined,

6

because they did not arise out of the same transaction or occurrence as required by Fed. R. Civ. P. 20(a).

The *Prempro* court declined to either adopt or reject the fraudulent misjoinder doctrine, because it found that, even if the doctrine were applicable, the "plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." *Id.* at 622. In reaching this conclusion, the court considered that plaintiffs' claims arose from a series of transactions involving the HRT manufacturers and the HRT users, and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation, *i.e.*, the existence of a link between the HRT drugs and plaintiffs' injuries. *Id.* at 623. The court concluded that, "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each other such that they are egregiously misjoined." *Id.* (distinguishing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), and declining to apply the fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham'").

In the instant case, defendants have not demonstrated that the joinder of the non-diverse plaintiffs with the Missouri plaintiffs in this action "borders on a sham." *Id.* at 624. To the contrary, for all of the reasons discussed above, the non-diverse plaintiffs' claims—as with those of all the non-Missouri plaintiffs—meet the same transaction or occurrence, or series thereof, test required for joinder under Rule 20(a). Moreover, as this Court has found in several recent cases, the joinder of plaintiffs who allege injury from a single defective product is not "egregious," because common issues of law and fact connect plaintiffs' claims. *See, e.g.*, *Aday v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-2462-CEJ, 2014 WL

169634 (E.D. Mo. Jan. 15, 2014); *Woodside v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-2463-CEJ, 2014 WL 169637 (E.D. Mo. Jan. 15, 2014); *Spears*, 2013 WL 2643302. Similarly, plaintiffs here have filed suit against defendants for injuries caused by the same product and arising out of the same design, manufacture, and marketing practices—the same transactions—and common issues of law or fact are likely to arise in the litigation over the design, manufacture, and marketing of that product.

Finally, the Court finds unpersuasive defendants' arguments that plaintiffs' claims depend on unique factual determinations, that the different laws of numerous states apply to the claims, and that joinder of the non-diverse plaintiffs was specifically calculated to defeat federal jurisdiction. As discussed above, plaintiffs have met the standard for joinder under Rule 20(a). The presence of some unique factual circumstances in each of plaintiffs' claims and the necessity to apply parallel state legal standards to those claims does not undercut the propriety of joinder. Finally, "the bad faith referred to in *Prempro* must be something more than a desire to defeat federal jurisdiction." *Id.* at *3 (quotation marks and citation omitted). Thus, the non-diverse plaintiffs' claims are not fraudulently misjoined, complete diversity is absent, and the case must be remanded.

Because the Court lacks subject matter jurisdiction, it will not address the defendants' motion to dismiss for lack of personal jurisdiction.

\* \* \* \* \*

**IT IS HEREBY ORDERED** that defendants' motion to stay proceedings pending the decision of the JPML [Doc. #4] is **denied**.

**IT IS FURTHER ORDERED** that defendants' request for oral argument [Doc. #19] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to remand [Doc. #10] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2015.